**E-Filed 10/24/2006**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CHAD RHODES,<br><br>            Petitioner,<br><br>   v.<br><br>ROBERT KIRKLAND,<br><br>            Respondent. | Case Number C 06-5252 JF<br><br>ORDER[1] GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL<br><br>[re: docket no. 5, 6] |

**I. BACKGROUND**

    On April 8, 2003, Petitioner entered a guilty plea to charges of second degree murder while using a firearm and assault with a semiautomatic firearm upon a peace officer. On May 30, 2003, petitioner was sentenced to state prison for life without possibility of parole for second-degree murder while using a firearm. Petitioner is now incarcerated at Pelican Bay State prison.

    Petitioner appealed the sentence he received and has exhausted state court remedies. He has petitioned the court to issue a writ of habeas corpus on the grounds that a sentence of life without parole for second-degree murder violates equal protection and constitutes cruel and

---

[1] This disposition is not designated for publication and may not be cited.

unusual punishment in violation of the Eighth Amendment. The Court issued an order to show cause why relief should not be granted on September 8, 2006. Respondent answered the order to show cause on October 12, 2006.

Petitioner is represented by counsel. However, Petitioner informs the Court that he and his family have no additional funds with which to pay counsel for the purpose of replying to Respondent's answer to the order to show cause. Petitioner asks the Court to allow him to proceed *in forma pauperis* and to appoint counsel.

## II. PERMISSION TO PROCEED *IN FORMA PAUPERIS*

The Court will grant Petitioner's application for permission to proceed *in forma pauperis*. The total filing fee that ultimately will be due is $ 150.00. Petitioner has paid an initial filing fee of $5.00. Funds for the remainder of the filing fee will be taken from income to Plaintiff's prison trust account in accordance with 28 U.S.C. § 1915(b)(1). A copy of this Order and the attached instructions will be sent to the prison trust account office and the Court's financial office.

## III. APPOINTMENT OF COUNSEL

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, a district court may appoint counsel to represent any financially eligible habeas petitioner whenever it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *see also Knaubert*, 791 F.2d at 728. A petitioner is financially eligible if he or she is "financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a). Unless the circumstances of the particular case require appointment to afford due process of law, only indigent petitioners qualify for court-appointed counsel. *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965).

The decision whether to appoint counsel generally lies within the sound discretion of the district court. *Knaubert*, 791 F.2d at 728. However, counsel must be appointed when an evidentiary hearing is required. Rule 8(c), 28 U.S.C. *foll.* § 2254; *Knaubert*, 791 F.2d at 728. Moreover, the court must appoint counsel when the complexities of the case are such that denial of counsel would amount to a denial of due process, *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th

2

1  Cir. 1986); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980), and when the petitioner is a
2  person of such limited education as to be incapable of fairly presenting his or her claims,
3  *Hawkins v. Bennett*, 423 F.2d 948, 951 (8th Cir. 1970).  Finally, counsel must be appointed when
4  necessary to permit the petitioner to utilize the discovery process effectively.  Rule 6(a), 28
5  U.S.C. *foll.* § 2254.

6       Petitioner is financially eligible for appointed counsel.  However, the Court concludes
7  that the interests of justice do not require the appointment of counsel in this case.  Through
8  retained counsel, Petitioner has filed a petition for writ of habeas corpus and accompanying
9  memorandum that clearly frame the issues before the Court.  Justice does not require that the
10 Court appoint counsel for the purpose of submitting a reply brief.

## IV. ORDER

12      Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to proceed *in*
13 *forma pauperis* is GRANTED; and that the motion for appointment of counsel is DENIED.
14      Petitioner's present counsel, Juliana Drous, shall notify the Court within thirty (30) days
15 of this order if she intends to seek permission to withdraw from this case.  Attorney Drous shall
16 ensure that Petitioner receives a copy of this order.  If he continues to be represented by counsel,
17 Petitioner shall file his reply to Respondent's answer within forty five (45) days of this order.  If
18 counsel seeks and is granted permission to withdraw from the case, Petitioner shall file his reply
19 to Respondent's answer within thirty days of the filing of an order permitting such withdrawal.

DATED: October 23, 2006.

                                            JEREMY FOGEL
                                            United States District Judge

3

Case No. C 06-5252 JF
ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL
(JFLC1)

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance.** The initial partial filing fee is due within thirty days of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc: Plaintiff/Petitioner
Finance Office

4

Case No. C 06-5252 JF
ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL
(JFLC1)

| | | |
|---|---|---|
| 1 | This Order has been served upon the following persons: | |
| 2 | Allen Robert Crown | allen.crown@doj.ca.gov, ecfcoordinator@doj.ca.gov; docketingsfawt@doj.ca.gov; delia.desuyo@doj.ca.gov; |
| 3 | | cherryl.crisostomo@doj.ca.gov; maricris.argarin@doj.ca.gov |
| 4 | Juliana Drous | jdrous@msn.com |

5

Case No. C 06-5252 JF
ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL
(JFLC1)